Nicholson, C. J.,
delivered the opinion of the court..
Trabue, Davis & Co. sued Griffith before a justice-of the peace of Marion county on a note for §218.57, dated March 4, 1871, and payable four months after-date to Trabue, Davis & Co., with a credit endorsed of §24.46, dated April 24, 1871. Judgment was rendered in favor of Trabue, Davis & Co., from which Griffith appealed to the Circuit Court. The judgment was affirmed in the Circuit Court, from which Griffith has appealed in error to this court. The error relied on here for a reversal is the instructions given to the-jury. The charge'was as follows:
“ If the note sued on was executed by Griffith to plaintiffs in lieu of one made by the .present defendant, Griffith, to Redfield & Co., and that at the time: it was taken by plaintiffs they received it in payment, of an antecedent debt due them Redfield & Co., with a knowledge on their part that the consideration of the note given by defendant to Redfield & Co. had failed, then their note made to plaintiff instead of that note can -not be collected by them, unless defendant Griffith also knew when he gave the note sued on that there was incumbrance on the property for which *648 he gave the note lifted by him by giving this note in lieu thereof, and that with that knowledge he gave it, although he may have received assurances from Redfield & Go. that they would clear the incumbrance, still if such were the facts he would be liable on the note.”
It appears from the bill of exceptions that in March, 1871, Griffith bought of Redfield & Co. a house and lot in Jasper, for which he executed to Redfield & Co. fourteen notes, the first falling due in three months, and the second in four months, each for $218.57. These two notes were transferred by Red-field & Co. to the attorney of Trabup, Davis & Co. before they matured, to be collected, and the proceeds ■applied in payment of a debt owing by Redfield & Co. When they sold the lot to Griffith there was a registered mortgage on it, but Griffith had no actual knowledge of it until two or three days after he had ■executed the notes. When Griffith ascertained the existence of the mortgage he saw Redfield, who assured him that provision had been made to lift the mortgage by Redfield & Co. After this, on the 24th of April, 1871, Griffith paid to Trabue, Davis & Co. the first note of $218.57, and $24.41 to be credited on the second note. Neither of the two notes were then due. Instead of placing the credit on the second note the attorney of Trabue, Davis & Co. proposed to Griffith to substitute in place of the second note another alike in all respects as to date, amount and time of payment, except to be payable to Trabue, Davis & Co. instead of to Redfield & Co., and have *649 the credit of §24.41 entered on the new note. To this Griffith assented, and the new note, which is the one sued on, was executed and delivered to Trabue, Davis &. Co., and the others given up. The attorney of Trabue, Davis & Co. knew the consideration of the notes he received from Redfield & Co., and that there was a mortgage on the lot. The attorney of Trabue, Davis & Co. counseled about the mortgage at the time the • new note was given, and both were of opinion that Redfield & Co. would relieve the mortgage. It is conceded that there was no error in the charge to the effect that if Trabue, Davis & Co. knew at the time they received the note sued on in lieu of the note payable to Redfield & Co., that the consideration of that note had failed, then Griffith could not be held to pay the new note. But it is insisted that the court erred in telling the jury that if Griffith knew when he gave the new note that there was a -mortgage on the lot for which the first note was given, although he may have been assured by Redfield ■& Co. that they would relieve the mortgage, still he would be liable.
It is to be observed that the liability of Griffith is made to depend, in the charge, on the fact of his knowledge that there was an. outstanding prior incum-brance on the lot for which the first note was given, and the further fact that Griffith trusted to the assurance of Redfield & Co. that the mortgage would be lifted. The first note payable to Redfield & Co. had not been endorsed to Trabue, Davis & Co., but placed in the Bands of their attorney for collection in order *650 to pay a debt debt due from Redfield & Co. to Tra-bue, Davis & Co. In giving up the first ( note and taking another in lieu of it, Trabue, Davis & Co. gave up no security nor released any liability of Red-field & Co. It was merely a substitution of the new note for the old note, and as charged by the judge, was subject to the equities in the hands of Trabue,. Davis & Co. that the first note was subject to. But it was executed by Griffith after he acquired knowledge that the consideration for which it was given was in danger of failing, and after he had been assured by Redfield & Co. that the mortgage would be relieved. It is clear, therefore, that Griffith trusted to the solvency of Redfield & Co., and to their assurance that there would be no failure of the consideration of the note. The execution of the new note, under these circumstances, was a waiver of the defense which he might have made to the first note by which he has made himself liable upon the new note.
There was, therefore, no error in the charge of the court, and the judgment is affirmed.